## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DN LOOKUP TECHNOLOGIES LLC,     :
     :
       *Plaintiff,*     :
     :
    v.     :
     :
COMCAST CORPORATION,     :    Civil Action No. 11-1181-LPS
COMCAST CABLE     :
COMMUNICATIONS, LLC, and     :
COMCAST CABLE     :
COMMUNICATIONS, INC.,     :
     :
       *Defendants.*     :

---

Brian E. Farnan, Rosemary J. Piergiovanni, FARNAN LLP, Wilmington, DE
James A. Jorgensen, Michael E. Lee, Hemant H. Kewalramani, LEE, JORGENSEN, PYLE &
KEWALRAMANI, P.C., Houston, TX

    Attorneys for Plaintiff.

Jack B. Blumenfeld, Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
Wilmington, DE

    Attorneys for Defendants.

---

## MEMORANDUM OPINION

October 1, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

Presently before the Court is Defendants Comcast Corporation, Comcast Cable

Communications, LLC, and Comcast Cable Communications, Inc.'s Motion to Dismiss for

Failure to State a Claim, Lack of Jurisdiction, and Improper Venue. (D.I. 8) For the reasons

discussed below, the Court will deny the motion.

## I.    BACKGROUND

Plaintiff DN Lookup Technologies LLC ("DN Lookup") filed a complaint asserting

infringement of U.S. Patent No. 6,332,158 (the "'158 patent") against Comcast Corporation

("Comcast"), Comcast Cable Communications, Inc. ("CCCI"), and Comcast Cable

Communications, LLC ("CCCL") (collectively, "Defendants"). (D.I. 1) The complaint alleges

that Defendants infringe the '158 patent by providing "services for handling and redirecting

invalid domain name lookup requests on the Internet." (*Id.* ¶ 9) DN Lookup is a Delaware

limited liability company, Comcast is a Pennsylvania corporation, CCCI is a Delaware

corporation, and CCCL is a Delaware limited liability company. (*Id.*)

Plaintiff filed infringement actions in related cases against Charter Communications, Inc.,

Charter Communications Holding Company, LLC, and Charter Communications Operating, LLC

(C.A. No. 11-1177-LPS D.I. 1); Cox Communications, Inc. and Coxcom, Inc. (C.A. No. 11-

1178-LPS D.I. 1); OpenDNS, Inc. (C.A. No. 11-1179-LPS D.I. 1); Time Warner Cable, Inc. and

Time Warner Cable, LLC (C.A. No. 11-1180-LPS D.I. 1); and Verizon Communications, Inc.

(C.A. No. 11-1185-LPS D.I. 1).

On February 6, 2012, Defendants filed a Motion to Dismiss (D.I. 8) pursuant to Federal

Rule of Civil Procedure 12(b) for failure to state a claim, lack of jurisdiction, and improper

1

venue. Defendants submitted in support of their motion a Declaration of David L. Marcus, Vice

President, Deputy General Counsel, and Chief Patent Counsel of CCCL. (D.I. 10) Plaintiff

opposes the motion. (D.I. 12) Defendants have withdrawn the motion to dismiss Plaintiff's

willfulness claim for failure to state a claim. (D.I. 16 at 10 n.3)

## II. **LEGAL STANDARDS**

### A. **Motion to Dismiss for Failure to State a Claim**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires a

court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d

218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory

Secs. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, a

court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in

the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not

entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation

marks omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to

relief above the speculative level on the assumption that the allegations in the complaint are true

(even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). While heightened fact pleading is

not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.

*Twombly*, 550 U.S. at 547. "The complaint must state enough facts to raise a reasonable

expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's

2

claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### B. Motion to Dismiss Based on Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) directs a court to dismiss a case when it lacks personal jurisdiction over the defendant. Determining the existence of personal jurisdiction requires a two-part analysis. First, the court analyzes the long-arm statute of the state in which the court is located. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Next, the court must determine whether exercising jurisdiction over the defendant in this state comports with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). On a motion

3

to dismiss for lack of personal jurisdiction, "the plaintiff is entitled to have its allegations taken

as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d

93, 97 (3d Cir. 2004). A court is always free to revisit the issue of personal jurisdiction if it later

is revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v.*

*Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).

## C.    Venue

A court may dismiss a lawsuit for improper venue pursuant to Federal Rule of Civil

Procedure 12(b)(3). The court must determine whether venue is proper in accordance with the

appropriate statutes. *See Albright v. W.L. Gore & Assocs., Inc.*, 2002 WL 1765340, at *3 (D.

Del. July 31, 2002) (citing *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th

Cir. 2002)). Venue generally must be established for each claim in a complaint. *See Stein v.*

*Chemtex Int'l, Inc.*, 2004 WL 722252, at *1 (D. Del. Mar. 31, 2004). The moving party has the

burden of proving that venue is improper. *See id.* (citing *Myers v. Am. Dental Ass'n*, 695 F.2d

716, 724 (3d Cir. 1982)).

## III.    DISCUSSION

### A.    Motion to Dismiss CCCI for Failure to State a Claim

Defendants move to dismiss the claims against CCCI because it is no longer in existence,

as it is now the same entity as CCCL. Defendants rely on CCCI's Certificate of Conversion,

dated December 31, 2003, to show CCCI's conversion to CCCL. (D.I. 9 Ex. A) Plaintiff argues

that publicly available information suggests that CCCI's status is unclear.

CCCI's Certificate of Conversion from the Delaware Secretary of State supports

Defendants' motion. However, at this juncture in the case, it is not dispositive, given

4

contradictory indications in the record. *See* 8 Del. C. § 266(d) ("Such certificate of the Secretary

of State shall be prima facie evidence of the conversion by such corporation out of the State of

Delaware."); *see also JP Morgan Trust Co. Nat. Ass'n v. Mid-American Pipeline Co.*, 413 F.

Supp. 2d 1244, 1258-59 (D. Kan. 2006) (applying Delaware law, stating that certificate of

conversion is only prima facie evidence of conversion, and denying defendant's motion to

dismiss). There is a lack of clarity as to whether CCCI existed at any point during the relevant

period.[1] CCCI remains listed as an active corporation in Pennsylvania, and is listed as the owner

of the registered domain name www.comcast.com. A 2007 article from the Philadelphia

Business Journal states that CCCI planned to hire 800 employees. Defendants contend that the

evidence Plaintiff points to is erroneous or due to a failure to file paperwork. Defendants'

assertions may eventually be proven correct, but the Court cannot make such a finding at this

stage. *See JP Morgan*, 413 F. Supp. 2d at 1259 ("While the court recognizes that this issue

ultimately may prove to be a mere technicality, it nonetheless presents an issue of fact that the

court will not resolve on a motion to dismiss.").

Accepting Plaintiff's allegations as true, Plaintiff has not failed to state a claim against

CCCI on which relief may be granted.

**B.     Motion to Dismiss Comcast for Lack of Personal Jurisdiction**

As Plaintiff asserts claims of patent infringement against Defendants, personal

jurisdiction is governed by Federal Circuit law. *See Avocent Huntsville Corp. v. Aten Int'l Co.,*

*Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). The Court must make two inquiries in determining

---

[1]Recovery for patent infringement is limited to six years prior to the filing of the
complaint. Plaintiff filed its complaint on November 29, 2011. Therefore, the relevant time
period for infringement extends back to November 29, 2005. *See* 35 U.S.C. § 286.

personal jurisdiction: (1) "whether a forum state's long-arm statute permits service of process;"

and (2) "whether the assertion of personal jurisdiction would violate due process." *Id.* (internal

citations omitted). "Delaware state courts interpret Delaware's long-arm statute as confer[ring]

jurisdiction to the maximum extent possible under the Due Process Clause." *Boston Scientific*

*Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 364 (D. Del. 2009) (internal

quotation marks and citations omitted). Plaintiff bears the burden of establishing that the Court

has personal jurisdiction over a defendant. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772

F. Supp. 1458, 1462 (D. Del. 1991). Plaintiff need only make a prima facie showing to establish

personal jurisdiction. *Avocent*, 552 F.3d at 1329.

Pursuant to 10 Del. C. § 3104(c), a court may exercise personal jurisdiction over a

nonresident defendant where the defendant:

    (1)    Transacts any business or performs any character of work or service in the State;

    (2)    Contracts to supply services or things in this State;

    (3)    Causes tortious injury in the State by an act or omission in this State;

    (4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

    (5)    Has an interest in, uses or possesses real property in the State; or

    (6)    Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed

> within the State at the time the contract is made,
> unless the parties otherwise provide in writing.

Delaware courts have interpreted subsections (1)-(3), (5), and (6) as conferring specific

jurisdiction, and subsection (4) as conferring general jurisdiction. *See Boston Scientific Corp. v.*

*Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 365 (D. Del. 2009).

Plaintiff asserts that the Court has specific jurisdiction under subsections (1) and (3) and

general jurisdiction under subsection (4). Specifically, Plaintiff asserts that Comcast provides

infringing services in Delaware, Comcast controls subsidiaries providing infringing services in

Delaware, Comcast enjoys substantial revenues from its subsidiaries, and Comcast has

continuously and purposefully availed itself of the privileges of the laws of Delaware through

marketing and offering to sell services, the formation of shell companies and numerous business

entities under the laws of the State, and by seeking assistance of this Court in other litigation.

### 1.     Specific Jurisdiction

Specific jurisdiction under section 3104(c)(1) is present if Comcast or its agent transacted

any business in Delaware and the cause of action arose out of that act. *See Applied Biosystems,*

*Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991). "[A] single transaction is

sufficient to confer jurisdiction where the claim is based on that transaction." *See Hamilton*

*Partners, L.P. v. Englard*, 11 A.3d 1180, 1196 (Del. Ch. 2010) (internal quotation marks

omitted).

Defendants contend that Comcast does not own, operate, sell, market, offer to sell, or

otherwise provide any cable products or services in Delaware. The www.comcast.com website

suggests otherwise. Indeed, a Press Release from the website states, "Comcast *Corporation* . . .

today announced the launch of Xfinity™ WiFi . . . which have been launched . . . in northern

7

Delaware . . . . Additional hotspots have also launched in and around Wilmington, Delaware."

(D.I. 14 Ex. 9) (emphasis added) Furthermore, the Comcast Agreement for Residential Services

("Agreement") entered into by Wilmington, Delaware customers directs customers to resolve

problems by calling Comcast. (D.I. 14 Ex. 10) The Agreement suggests that Comcast contracts

with customers and sells high-speed internet service in Delaware. Plaintiff alleges that all

customers subscribing to high-speed internet services from Comcast have been provided with an

infringing service, Domain Name Helper Service. Thus, the Court may exercise specific

personal jurisdiction over Comcast.

Moreover, Plaintiff has made out a prima facie case that CCCL acts as an agent for the

benefit of Comcast, further supporting a finding of personal jurisdiction over Comcast.[2] In

assessing the degree of control between a subsidiary and its parent, the Court looks to a variety of

factors, including stock ownership, overlapping officers and directors, financing, day-to-day

management, payment of salary and expenses, and voting share. *See Japan Petroleum Co.*

*(Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F. Supp. 831, 841 (D. Del. 1978). None of the factors are

determinative, but the totality of circumstances is considered to determine if an agency

relationship exists. *See id.*

Here, Plaintiff alleges that CCCL is Comcast's agent because Comcast holds itself out to

the public as being "principally involved in the development, management and operation of cable

systems and in the delivery of programming content." (D.I. 14 Ex. 9) Furthermore, Comcast

enjoys substantial revenues from CCCL, its wholly-owned subsidiary. Indeed, Comcast reported

almost $28 billion from CCCL and its other cable services, including $6.5 billion from its high

---

[2]It is undisputed that CCCL provided the accused services in Delaware. (D.I. 16)

speed internet business for the nine months ending in September 2011. (D.I. 14 Ex. 11)

Comcast also reports revenues from its "Cable Communications Segment," which includes

CCCL, in its SEC filings. (D.I. 14 Ex. 12) Additionally, Comcast diverts free cash flow from its

subsidiaries, including CCCL, to distribute dividends to its own shareholders. (D.I. 14 Ex. 12)

Finally, as Plaintiff points out, CCCL's President and CEO, Mr. Neil Smit, is also a Comcast

Executive Vice President. (D.I. 14 Ex. 13) Even accepting Defendants' contention that none of

these factors alone is sufficient to establish an agency relationship, the Court is persuaded that, in

totality, they satisfy Plaintiff's burden at this point in the case.

## 2. General Jurisdiction

General jurisdiction is present when an entity or its agent "regularly does or solicits

business, engages in any other persistent course of conduct in the State or derives substantial

revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4).

Plaintiff argues that Comcast has availed itself of the benefits of Delaware law by

forming businesses within the State. *See Altech Indus., Inc. v. Al Tech Speciality Steel Corp.*,

542 F. Supp. 53, 55-56 (D. Del. 1982) (denying defendant's motion to dismiss for lack of

personal jurisdiction because defendant formed at least thirty-five subsidiaries in Delaware).

CCCI and CCCL, Comcast subsidiaries, are incorporated in Delaware. Comcast has also

established hundreds of other entities in Delaware. Plaintiff performed an entity search for

"Comcast" on the Delaware Secretary of State's website and found over 600 matches. (D.I. 14

Ex. 15) Comcast also derives substantial revenue from its Delaware subsidiaries. Finally,

Plaintiff contends that Comcast is subject to general jurisdiction because Comcast has sought the

assistance of this Court in other litigation. In the other case identified by Plaintiff, Comcast sued

9

British Telecommunications PLC ("BT") in this District following the addition of Comcast as a defendant in a separate Delaware lawsuit brought by BT. *See Comcast Cable Commn'cs, LLC v. British Telecomms. PLC*, 11-843-SLR, D.I. 1; *see also In re Rosuvastatin Calcium Patent Litig.*, 2009 WL 4800702, at *6 (D. Del. Dec. 11, 2009) (stating that "[f]iling a counterclaim and defending a lawsuit, and consensually participating in other cases, is not enough to serve as a basis for a finding of a general presence in Delaware for all cases or a permanent waiver of a defendant's right to contest jurisdiction").

As the Court has determined that it may exercise specific jurisdiction over Comcast, it need not determine whether it could also exercise general jurisdiction. *See generally Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) ("In the absence of general jurisdiction, permissible *in personam* jurisdiction is dependent upon the concept of specific personal jurisdiction."). Accordingly, the Court reaches no conclusion with respect to general jurisdiction.

### 3. Due Process

The Court now turns to the due process inquiry. As this case involves federal patent law, the Due Process Clause of the Fifth Amendment applies. *See Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985). In order to satisfy due process, the Court must find that Comcast had sufficient "minimum contacts" such that exercising personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A finding of specific jurisdiction requires that the defendant have "purposefully directed" its activity towards the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

10

As discussed, Comcast has directly and indirectly marketed, sold, or offered to sell cable services, such as Xfinity™ WiFi, to Delaware customers, providing high-speed internet, including the allegedly infringing services. Also, Comcast derives substantial revenue from numerous subsidiaries incorporated in the state of Delaware. Therefore, Comcast "should reasonably anticipate being haled into court" in Delaware. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Thus, this Court may properly exercise personal jurisdiction over Comcast without violating due process.

### C.   Venue

"Where there is more than one defendant, proper venue must be shown for each defendant." *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 446 (D. Del. 2012) (internal citations omitted). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). An entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction . . . ." *Id.* at § 1391(c). Given that Defendants are subject to personal jurisdiction in this Court, venue is proper in Delaware.

## IV.   <u>CONCLUSION</u>

For the above reasons, the Court will deny Defendants' Motion to Dismiss for Failure to State a Claim, Lack of Personal Jurisdiction, and Improper Venue.[3] An appropriate Order follows.

---

[3]As the Court is denying Defendants' motion, Plaintiff's alternative requests that the Court grant leave to conduct jurisdictional discovery and/or amend its Complaint are denied as moot.